IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL L. BONNETT,            ) | |
| ) | |
| Petitioner,       ) | |
| ) | |
| vs.                                          ) | Case No. 3:21-cv-824-DWD |
| ) | |
| D. SPROUL,                                 ) | |
| ) | |
| Respondent.    ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This case is before the Court for preliminary review of Petitioner Daniel L. Bonnett's 28 U.S.C. § 2241 petition pursuant to Rule 4 of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, which can be applied to § 2241 petitions pursuant to Rule 1(b). Rule 4 directs the judge who receives a petition to promptly examine it, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." For the following reasons, Bonnett's petition is due to be dismissed under Rule 4.

In June 2013, Bonnett was indicted in the United States District Court for the Eastern District of California for one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). *United States v. Bonnett*, No. 2:13-cr-210 (Doc. 1). In February 2015, Bonnett pleaded guilty to the charge in the indictment. (No. 2:13-cr-210, Docs. 34 & 64 at 14) The court sentenced Bonnett to a term of

imprisonment of 180 months and a term of supervised release of 30 years. (No. 2:13-cr-210, Doc. 50 at 2–3) He eventually appealed his sentence but was denied by the Ninth Circuit Court of Appeals. (No. 2:13-cr-210, Doc. 78)

In August 2018, Bonnett filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (No. 2:13-cr-210, Doc. 80) He raised four grounds in his petition: his counsel was ineffective for failing to dispute facts alleged in the Presentence Report or psychiatric evaluation; his guilty plea was involuntary; his counsel failed to interview his psychiatrist; and his counsel failed to assert a defense of diminished capacity. (No. 2:13-cr-210, Doc. 80 at 4–8) The court denied his motion. (No. 2:13-cr-210, Docs. 91, 95–97)

Bonnett filed his habeas petition under § 2241 in this Court on July 19, 2021. (Doc. 1) In his petition, he argues that his indictment was unconstitutionally duplicitous because it combined two offenses, "receipt" and "distribution," in a single count. (Doc. 1 at 10–12) He further argues that his attorney's failure to object and seek dismissal of the indictment constitutes ineffective assistance of counsel. (Doc. 1 at 12)

Generally, § 2241 petitions may not be used to raise claims of legal error in a conviction or at sentencing and are limited to challenges regarding the execution of a sentence. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner who has been convicted in federal court typically must bring challenges to his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. A prisoner is limited to bringing only one motion under § 2255, however, unless a panel of the appropriate court of appeals authorizes the filing of a second or successive motion after

certifying that the motion will involve either newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit has explained that a "procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In the wake of *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than on a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that the decision applies retroactively. Finally, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is so grave that it is deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Bonnett has failed to satisfy the requirements of § 2255's savings clause. He has

not met the first two conditions because he does not rely on a new statutory interpretation case (or any new case for that matter). Bonnett also waived the claim of duplicity by failing to raise it before he pleaded guilty. *See U.S. v. Mosley*, 786 F.2d 1330, 1333 (7th Cir. 1986) (holding that a defendant waive a claim of duplicity if he fails to raise it before trial); *Sloan v. U.S.*, No. 08-C-817, 2008 WL 4560641, at *1 (E.D. Wis. Oct. 9, 2008) (finding that a guilty plea normally precludes defendant's ability to challenge the indictment). Finally, Bonnet already brought three other claims of ineffective assistance of counsel in his § 2255 motion. He offers no reason why he was unable to raise this specific argument for ineffective assistance of counsel in his § 2255 motion, thus failing to satisfy the requirements of § 2255(e)'s savings clause.

For all these reasons, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

It is not necessary for Petitioner to obtain a certificate of appealability should he choose to appeal this Order denying his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). Petitioner may appeal by filing a notice of appeal, which typically must be filed within 30 days of the entry of judgment. *See* Fed. R. App. P. 4.

**SO ORDERED.**

Dated: July 21, 2021

---

DAVID W. DUGAN
United States District Judge

4